IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETE GONZALES,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-09-4054 |
| AUTOZONE, INC., *et al.*,<br>　　Defendants. | §<br>§<br>§ | |

## **MEMORANDUM AND ORDER**

Pending before the Court is a Motion for Summary Judgment ("Motion") [Doc. # 20] filed by Defendant Unum Life Insurance Company of America ("Unum"). Plaintiff Pete Gonzales has responded [Doc. # 29], and Defendant has replied ("Reply") [Doc. # 32]. Plaintiff has additionally filed a Sur-reply and Motion for Continuance pursuant to Federal Rule of Civil Procedure 56(f) ("Sur-reply") [Doc. # 33] to which Defendant has responded [Doc. # 35]. The Court also discussed the Motion with counsel during a discovery hearing on September 27, 2010. Based on the Court's review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Defendant's Motion should be **granted**.

**I.　FACTUAL BACKGROUND**

This lawsuit arises out of injuries sustained by Plaintiff Pete Gonzalez when, on December 17, 2007, he slipped and fell during his shift at Defendant AutoZone,

Inc. ("AutoZone"), where he was employed as a parts sales manager.  AutoZone is a nonsubscriber under Texas's workers' compensation insurance statute, and instead provides benefits for work-related injuries and illnesses through the AutoZone Texas Occupational Injury Benefit Plan (the "AutoZone Plan").  Plaintiff's claim under the AutoZone Plan was denied.  It is undisputed that Unum did not issue or administer the AutoZone Plan.

AutoZone also provided its employees with three distinct forms of disability income insurance coverage:  (1) a self-insured short term disability plan (the "Short Term Disability Plan"),[1] (2) a self-insured long-term disability plan (the "Long Term Disability Plan"),[2] and (3) an optional group long-term disability policy issued by Unum (the "Unum LTD Policy")[3] (collectively, "Unum Policies").  Plaintiff never

---

[1] *See* Short Term Disability Policy No. 367693 012, Doc. # 20, Exh. B.  The Short Term Disability Plan provides benefits after a 14-day elimination period to participants with qualifying disabilities.  AutoZone pays the premiums on behalf of its employees for the basic coverage under this policy. Unum provided administration services for this policy under an Administrative Services Agreement.  *See* Doc. # 20, at 2-3.

[2] *See* Long Term Disability Policy No. 367393 011, Doc. # 20, Exh. C.  The Long Term Disability Plan provides benefits after a 90-day elimination period to participants with qualifying disabilities.  AutoZone pays the premiums on behalf of its employees for the basic coverage under this policy. Unum provided administration services for this policy under an Administrative Services Agreement.  *See* Doc. # 20, at 2-3.

[3] *See* Unum LTD Policy No. 367693 001, Doc. #20, Exh. D.  The Unum LTD Policy provides benefits after either an 820-day elimination period or the end of the two-year
(continued...)

made a claim for benefits with Unum under any of these disability policies.

On December 16, 2009, Plaintiff filed this lawsuit against Defendant AutoZone for failure to provide a safe workplace, and against Defendants AutoZone and Unum, *inter alia*, for "wrongfully den[ying] the claims made by Plaintiff for his occupational injury plan benefits and his short and long term disability plan benefits."[4] Defendant Unum moved for summary judgement, Plaintiff responded, and Unum replied. Plaintiff then filed a Sur-reply, arguing for a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f), to which Unum responded. The issues have been fully briefed and the Motion is ripe for decision.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th

---

[3]   (...continued)
core benefit provided under the Long Term Disability Policy to participants with qualifying disabilities. AutoZone employees were eligible to participate in this policy and were responsible for paying the policy premiums. Unum issued the Unum LTD policy. *See* Doc. # 20, at 4-5.

[4]   *See* Plaintiff's First Amended Original Complaint, Doc. # 4, ¶ 13.

Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party, however, need not negate the elements of the non-movant's case.  *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the

outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would

5

prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud." (citation omitted)). Furthermore, the summary judgment evidence is not required to be in a format that would be admissible at trial, but the party offering the summary judgment evidence

must be able to prove the underlying facts at trial with admissible evidence. *See Celotex Corp.*, 477 U.S. at 324-25 (1986); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

## III. ANALYSIS

### A. Coverage Under the Unum Policies

Under Texas law, the meaning of an insurance contract is to be determined under the standards applicable to contracts generally. *See Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000) (citing *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987)). A court's primary concern is to give effect to the intention of the parties as expressed by the policy language. *Id.* (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)).

"When the terms of an insurance policy are unambiguous, a court may not vary

those terms." *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1095 (5th Cir. 1995) (citing *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex. 1965)). Whether there is ambiguity in a contract is a question of law for the court to decide. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 907 S.W.2d at 520). "The fact that the parties may disagree about the policy's meaning does not create an ambiguity." *Id.* "If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous." *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 907 S.W.2d at 520.

In this case, the Short Term Disability Plan, the Long Term Disability Plan, and the Unum LTD Policy all contain the following unambiguous language:

> Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:
>
> —**occupational sickness or injury**, however, Unum will cover disabilities due to occupational sicknesses or injuries for partners or sole proprietors who cannot be covered by workers' compensation law.[5]

Plaintiff alleges that he was injured "when he slipped and fell at work while an employee of Auto Zone, Inc."[6] Plaintiff does not argue anywhere in the record that his injury is not an occupational injury within the meaning of this provision.

---

[5] *See* The Short Term Disability Plan, at 14 (emphasis in original); The Long Term Disability Plan, at 22; The Unum LTD Policy, at 25.

[6] Plaintiff's First Amended Complaint, ¶ 10.

Plaintiff instead argues that this language evidences an intent to provide coverage for all persons not covered by workers' compensation law. The definite and certain interpretation of this provision's language, however, is clear:  The Unum policies cover occupational injuries only for "*partners or sole proprietors* who cannot be covered by workers' compensation law." Plaintiff was an auto parts sales manager at AutoZone. He was neither a "sole proprietor" nor a "partner." Any occupational injury or sickness he suffered was not covered by the Short Term Disability Plan, the Long Term Disability Plan, or the Unum LTD Policy, regardless of the fact that AutoZone had opted out of Texas's workers' compensation scheme.

Plaintiff's argument that this language is found in the summary plan description rather than the policy itself is similarly unpersuasive. The Fifth Circuit has held that for insurance policies covered by ERISA, "the summary plan description is binding, and that if there is a conflict between the summary plan description and the terms of the policy, the summary plan description shall govern." *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 982 (5th Cir. 1991). The Court further finds that there is no genuine issue of material fact regarding whether these summary plan descriptions were in effect in December 2007 when Plaintiff sustained his injuries. Unum has

provided the sworn affidavit of a senior consultant at Unum Group,[7] who testified based on personal knowledge that each summary plan description in the record was in effect in December 2007.[8] Unum has further provided AutoZone's verified answers to Unum's First Set of Interrogatories, in which an AutoZone benefits manager gave sworn verification of the truth of the interrogatory response that each summary plan description in the record was in effect in December 2007.[9] Finally, each summary plan description, in the "Benefits at a Glance" section on the first substantive page, defines "Plan Year" as a given date range "and each following January 1 to January 1,"[10] indicating the Unum Policies were automatically renewed under the same terms. Plaintiff has not met his burden to rebut this evidence or raise a genuine material fact issue as to claims against Unum.

Unum's connection with AutoZone was limited to administering the Unum

---

[7] Unum Group is the parent corporation of Defendant Unum in this case. *See* Reply [Doc. # 32], Exh. 2.

[8] *See id.*

[9] *See* Doc. # 32, Exh. 1. Plaintiff has not provided any facts suggesting the summary plan description language in issue was not in effect in 2007 when Plaintiff sustained his injuries.

[10] *See* The Short Term Disability Plan, Doc. # 20, Exh. B, at 3 (defining "Plan Year" as "January 1, 2004 to January 1, 2005 and each following January 1 to January 1"); The Long Term Disability Plan, Doc. # 20, Exh. C, at 3 (defining "Plan Year as "September 1, 2003 to January 1, 2004 and each following January 1 to January 1"); The Unum LTD Policy, Doc. # 20, Exh. D, at 4 (defining "Plan Year" as "September 1, 2003 to January 1, 2004 and each following January 1 to January 1").

Policies, namely, the Short Term Disability and the Long Term Disability Plans and to issuing the Unum LTD Policy. Each of the Unum Policies contained clear language, which was effective when Plaintiff sustained his injuries, that disabilities arising from occupational injury were not covered by the policy. Because Plaintiff's disability resulted from an "occupational sickness or injury," his losses are not covered by any of the Unum Policies.

### B. Plaintiff's Rule 56(f) Motion for Continuance

In his Sur-reply, Plaintiff seeks a continuance on Unum's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f).[11] Plaintiff proposes to take the depositions of the affiants who have verified that the Unum Policies that are part of this summary judgment record were in effect in December 2007 when Plaintiff was injured , among other matters.

Rule 56(f) of the Federal Rules of Civil Procedure permits a district court, upon a proper showing by the party seeking Rule 56(f) relief, to delay consideration of a motion for summary judgment pending additional discovery. FED. R. CIV. P. 56(f); *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1441 (5th Cir. 1993). "In order to obtain a continuance of a motion for summary judgment for discovery purposes, a party must set forth some statement to the court indicating why additional discovery

---

[11]  *See* Doc. # 33, at 6.

is necessary and 'how additional discovery will create a genuine issue of material fact.'" *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994)).

District courts have considerable discretion in ruling on motions to suspend summary judgment pending discovery. *See In re Segerstrom*, 247 F.3d 218, 228 n.9 (5th Cir. 2001) (citing *Stearns Airport Equip. Co., Inc. v. FMC Corp.,* 170 F.3d 518, 534-35 (5th Cir. 1999)). While Rule 56(f) motions are generally favored and should be liberally granted, *Beattie v. Madison County School Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (citing *Stearns Airport Equip. Co.,* 170 F.3d at 535), a party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Krim*, 989 F.2d at 1442 (internal citations omitted). The party must show (1) why additional discovery is needed and (2) how that discovery will create a genuine issue of material fact. *Stearns,* 170 F.3d at 535 (citing *Krim,* 989 F.2d at 1442). If the party has not diligently pursued discovery, however, she is not entitled to relief under Rule 56(f). *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 28 F.3d 1388, 1397 (5th Cir. 1994).

Plaintiff seeks a continuance for the following additional discovery: (1) "to depose the UNUM person responsible for the drafting of [the clause denying coverage

for occupational injury] to determine what UNUM intended by it because the plain language of the clauses is ambiguous and contradictory";[12] and (2) "to take the depositions of UNUM's William Bradley II by telephone and Auto Zone's Teresa James by telephone to learn what basis upon which their evidence was submitted in this matter and to determine if they have any sufficient foundation upon which to offer their conclusory statements."[13]

Plaintiff's request for a continuance is denied. Plaintiff has failed to show how the requested discovery will create a genuine issue of material fact. *See Stearns,* 170 F.3d at 535. First, as noted above, the Court has determined that the language at issue in the Unum policies was not ambiguous as a matter of law. The Unum Policies make clear that occupational injuries are not covered for employees of AutoZone, who are neither "sole proprietors" nor "partners." Parole evidence cannot be used to contradict unambiguous contract language. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010) ("Our analysis of the policy is confined to within the four corners of the policy itself."); *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)("Parole evidence is not admissible for the purpose of creating an ambiguity.").

---

[12]    Doc. # 33, at 3.

[13]    *Id.* at 6.

Second, Plaintiff has failed to show how deposing William Bradley II and Teresa James is likely to create a genuine issue of material fact.[14] Plaintiff has never initiated a claim for benefits under any of the Unum Policies.[15] Therefore, regardless of the scope of coverage of the Unum Policies, his claim under those Policies fails because he never sought benefits from or through Unum. Accordingly, the discovery Plaintiff seeks could not give rise to any material fact that would affect the outcome of this action against Unum or create a genuine issue to preclude summary judgment against Unum.

## IV.   CONCLUSION AND ORDER

The unambiguous language of all policies administered or issued by Unum provide that there is no coverage for occupational injuries for persons who are not sole proprietors and partners. It is undisputed that Plaintiff was neither a sole proprietor nor a partner, that Plaintiff suffered an occupational injury, and that Plaintiff never made a claim under any of the policies administered or issued by Unum.

---

[14]   "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

[15]   Plaintiff did file a claim with Defendant Sedgwick Claims Management Services for benefits under the AutoZone Texas Occupational Injury Benefit Plan. *See* Doc. # 20, Exh. A. That plan is entirely different from the Unum Policies in issue in the pending Motions.

Where, as here, the insurance company's failure to pay benefits was correct both because Plaintiff never initiated a claim for benefits and because there is no coverage for Plaintiff's injuries under the insurance policies, the insurance company is entitled to summary judgment. Accordingly it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 20] is **GRANTED** as to Plaintiff's Complaint. It is further

**ORDERED** the Plaintiff's Motion for Continuance under Rule 56(f) [Doc. # 33] is **DENIED.**

SIGNED at Houston, Texas, this 18th day of **October, 2010**.

_____
Nancy F. Atlas
United States District Judge