IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETE GONZALES, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-09-4054 | |
| § | | |
| AUTOZONE, INC., *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Pete Gonzales's "Opposed Motion for Leave to Amend Complaint to Add New Related AutoZone Parties as Defendants" [Doc. # 41] ("Motion to Amend"), seeking to amend his Complaint to add new related AutoZone companies as defendants to this lawsuit.[1] Defendants filed a Response in Opposition [Doc. # 43]. Plaintiff neither filed a Reply nor requested additional time to do so. Having reviewed the full record and applied governing legal authorities, the Court concludes that Plaintiff has shown good cause for the extension of the amendments to pleading deadline, as required by Rule 16 of the Federal Rules of Civil Procedure, and grants the Motion to Amend. **No further amendments will be permitted.**

---

[1] Inexplicably, Plaintiff has not filed the proposed amended complaint. Nor are the exhibits to which Plaintiff refers in his Motion filed in the Court's docket.

## I.     BACKGROUND

This lawsuit arises out of injuries sustained by Plaintiff Pete Gonzalez, on December 17, 2007, when he slipped and fell during his shift at Defendant AutoZone, Inc. ("AutoZone"), where he was employed as a parts sales manager. AutoZone is a nonsubscriber under Texas's workers' compensation insurance statute, and instead provides benefits for work-related injuries and illnesses through the AutoZone Texas Occupational Injury Benefit Plan (the "AutoZone Plan"). Plaintiff's claim under the AutoZone Plan was denied. Plaintiff filed this lawsuit on December 18, 2009, alleging that Defendants negligently failed to provide a safe work environment, wrongfully denied benefits, and breached their fiduciary duty to make benefit determinations fairly and in compliance with the law.[2]

On December 28, 2009, Plaintiff filed his First Amended Complaint [Doc. # 4], which made no major substantive changes to Plaintiff's Original Complaint [Doc. # 1].[3] On March 15, 2010, the Court entered a Scheduling Order [Doc. # 14], setting June 30, 2010, as the deadline for amended pleadings and joinder of new parties. On August 12, 2010, Defendants filed a Motion to Dismiss [Doc. # 19], arguing that Plaintiff's breach of fiduciary claims under ERISA were not properly before this Court. The Court held a discovery hearing on September 27, 2010 [Doc. # 31], at

---

[2]   *See* Plaintiff's Original Complaint [Doc. # 1].

[3]   *Compare* Plaintiff's First Amended Complaint [Doc. # 4], *with* Plaintiff's Original Complaint [Doc. # 1].

which the Court, *inter alia*, denied without prejudice Defendants' Motion to Dismiss. On October 4, 2010, the Court determined that additional pleadings were necessary to enable the Court and the parties to engage in necessary legal analysis, and issued an Order [Doc. # 34], directing Plaintiff to file a Second Amended Complaint on or before October 11, 2010.[4]  Plaintiff moved for [Doc. # 36] and received [Doc. # 38] a continuance.  Plaintiff filed his Second Amended Complaint [Doc. # 40] on October 18, 2010.  AutoZoners, LLC and AutoZone Parts, Inc. are already Defendants named in Plaintiff's Second Amended Complaint.  The Motion is **moot** as to those entities.

Three days later, on October 21, 2010, more than three months after the June 30, 2010 deadline for amendments to pleadings and joinder of new parties, Plaintiff filed his Motion to Amend.  Plaintiff now seeks to add to this lawsuit (in addition to AutoZoners LLC and AutoZone Parts, Inc., who are already parties) the following: AutoZone Texas, L.P.; AZ Texas Operations, L.L.C, and AutoZone Stores, Inc., reportedly lessees of the premises where Plaintiff was injured.  Plaintiff's Motion to Amend is ripe for decision.

## II.  APPLICABLE STANDARDS

Where a scheduling order has been entered establishing a deadline for

---

[4]  The Court ordered Plaintiff to file a Second Amended Complaint "clarifying precisely what claims he intends to pursue against the Autozone Defendants.  In its Second Amended Complaint, Plaintiff must plead each legal claim separately and must allege facts specific to each defendant sought to be held liable under that theory." *See* Doc. # 34, at 2.

amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

"If a movant establishes good cause to extend the pretrial scheduling order, or if there is no need to extend the scheduling order, the court decides whether to grant leave to file the amended pleading under Rule 15(a)." *Udoewa v. Plus4 Credit Union*, No. H-08-3054, 2010 WL 1169963, at *2 (S.D. Tex. Mar. 23, 2010) (Rosenthal, J.) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see*

*also S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider the following factors: undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

### III. ANALYSIS

The Court concludes that Plaintiff should be permitted to amend his complaint one more time, although the issue is a close one.

#### A. Rule 16 Analysis

##### 1. Explanation for Failure to Amend By Deadline

In his Motion to Amend, Plaintiff's only explanation for his failure to include the proposed additional parties in the Second Amended Complaint filed three days before the Motion is that these parties' existence only became known to him from Defendants' documents produced on August 24 and September 17, 2010.[5] Plaintiff thus implicitly concedes that the existence of these parties was known to him more than a month before the Court ordered him to file a Second Amended Complaint on

---

[5]   *See* Motion to Amend [Doc. #41], ¶¶ 5-6.

October 4, 2010. Plaintiff offers no explanation as to why these parties were not added to his Second Amended Complaint, which was filed on October 18, 2010. In the context of a motion for leave to amend, the court may deny the motion if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994); *accord Udoewa*, 2010 WL 1169963, at *2 (Rosenthal, J.) (quoting *Pallottino*, 31 F.3d at 1027, and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit)). Accordingly, the failure of Plaintiff to include these new parties in his Second Amended Complaint weighs against allowing the amendment permitting a Third Amended Complaint.

### 2. Importance of the Amendment

Plaintiff seeks to join as defendants AutoZone Texas, L.P., AZ Texas Operations, L.L.C., and AutoZone Stores, Inc., three AutoZone entities that reportedly

leased the subject store premises.[6]

Plaintiff does not explicitly state why addition of these parties is important, but the abbreviated descriptions indicate the reasons. It appears that joinder is necessary to recovery by Plaintiff under any negligence or premises liability theory Plaintiff may have.[7] Accordingly, the "importance" factor weighs in favor of allowing joinder of the ***actual lessee*** of the premises where Plaintiff was injured.

The Court, however, questions why there are three AutoZone entities listed as lessees of the premises. Plaintiff therefore is permitted to join as the lessee ***only*** the AutoZone entity that in fact is the signatory on the lease of the premises where Plaintiff was injured. Defendants' counsel must by **November 18, 2010** Order inform Plaintiff of the name of that entity.

### 3. Potential Prejudice in Allowing the Amendment

Defendant articulates virtually no prejudice from Plaintiff being granted leave to amend to add the proposed new parties. The Motion was filed only three days after Plaintiff filed the required Second Amended Complaint. The Court restricted that

---

[6] Motion to Amend [Doc. # 41], at 1.

[7] Plaintiff pleads "negligence" as his Count V in the Second Amended Complaint. While there is no reference to "premises liability," the Court presumes that this claim is intended to be a premises liability theory. If the Court is mistaken and Plaintiff does not intend to assert such a theory, then the Court **denies** Plaintiff's request to add any lessee of the premises, as there would appear to be no reason for such an entity to be added to this suit.

complaint to clarifications of existing claims. Moreover, the Court now has granted the parties a sixty-day agreed extension of the discovery period and comparable extensions of other deadlines. *See* Order filed November 12, 2010 [Doc. # 48].[8] Counsel for all AutoZone entities is the same, and there is no contention that additional attorneys will need to be added if the amendment is allowed. Further, there appears to be no surprise stemming from this amendment. Plaintiff alleges on information and belief, without contradiction, that these additional parties are wholly-owned subsidiaries of AutoZone, Inc., currently a defendant in this case. Last, Plaintiff argues, and Defendants do not challenge, that the claims sought to be included against these parties relate back to the claims originally filed in this matter. *See Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2490 (2010) (holding that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading"). Thus, Defendants show no prejudice from the requested amendment, and the "prejudice" factor weighs in favor of allowing Plaintiff to file a Third Amended Complaint adding the lessee(s) of the premises on which Plaintiff was injured.

---

[8] The only prejudice Defendants identified is lack of time for discovery regarding new parties, because the discovery deadline in effect when the Motion was filed expired on November 22, 2010.

### 4.     Availability of Continuance to Cure Prejudice

Insofar as the prejudice related to the expiration of the discovery period could be cured by extending the discovery period, a continuance is appropriate in this case, especially given the parties' agreement to same. *See* Order filed November 12, 2010 [Doc. # 48]. While a court has "broad discretion to preserve the integrity and purpose of the pretrial order," *S&W Enters.*, 315 F.3d at 535 (citations omitted), no such argument is asserted meaningfully here. Thus, this factor weighs in favor of allowing the proposed amendment.

### 5.     Conclusion on Rule 16 "Good Cause" Analysis

In summary, the first Rule 16 factor, that is, knowledge of the new parties prior to the last authorized amendment to the complaint, weighs against allowing Plaintiff to file a Third Amended Complaint. But, addition of some or all of the proposed new lessee entities — as limited above — is important to Plaintiff, thereby satisfying the second *S&W Enterprises* factor. Last, Plaintiff has shown that Defendants will suffer no prejudice as a result of the proposed amendment (sought only three days after the court-ordered amendment), in light of continuances of discovery and other deadlines that the Court has granted. The Court accordingly concludes that Plaintiff has shown good cause for the Court to modify its docket control order and permit late amendment.

**B.      Rule 15 Analysis**

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); *accord Goldstein*, 340 F.3d at 254; *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992), *aff'd*, 37 F.3d 1069, 1073 n.8 (5th Cir. 1994) (*en banc*). In deciding whether to grant leave to file an amended pleading, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (leave to amend denied because of bad faith and dilatory motive); *Goldstein*, 340 F.3d at 254 (citations omitted); *United States v. Humana Health Plan of Texas Inc*, 336 F.3d 375, 386-87 (5th Cir. 2003) (denying leave where plaintiff failed to correct

deficiencies through two prior amendments).

Plaintiff, while having amended several times before, has not evinced bad faith or a dilatory motive, and there is no undue prejudice to the proposed amendment. The interest of justice therefore dictates that the amendment be permitted.

### C.      Admonition to Plaintiff

Plaintiff ***still has not complied*** with the Court's directive to specify which Defendant committed specific acts that allegedly violate Plaintiff's rights. For instance, Plaintiff repeatedly refers to "AutoZone" but does not define the term. There is no indication in any of the ERISA counts which Defendants Plaintiff intends to refer to. *See, e.g.*, Second Amended Complaint, ¶¶ 47, 58. These omissions must be corrected in the Third Amended Complaint.

Further, in Count IV, the claim for "Breach of Contract," there is no allegation precisely what contract is allegedly breached, whether it is a written agreement or not, who the parties to the contract are, and which Defendant breached that agreement. These omissions must be corrected in the Third Amended Complaint. Similarly, in Count V, "Negligence," Plaintiff must plead what duty was owed to Plaintiff, which Defendant has violated that duty, and how the violation specifically occurred. In the Conspiracy claim, Count VI, Plaintiff has not pleaded which Defendants conspired. In Count VII, the Promissory Estoppel claim, Plaintiff does not allege which promises specifically, he intends to rely on, when they were made, or who made them. Each

promise on which Plaintiff relies must be pleaded separately and specifically.

Plaintiff must file his Third Amended Complaint on or before **November 30, 2010.** Failure of Plaintiff to plead these matters on any claim may result in the Court striking the claim for repeated failures to plead adequately. *See, e.g.,* Fed. R. Civ. P. 15; *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court emphasized two "working principles" underlying its decisions in *Iqbal* and *Twombly*: first, while a court must accept as true all factual allegations in a complaint, the court need not accept a complaint's legal conclusions as true; second, a complaint must state a "plausible claim for relief" in order to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50. Factual allegations are assumed to be true, even if doubtful in fact. *Twombly*, 550 U.S. at 555; *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008).

## IV. CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 41] is **GRANTED under the conditions enumerated herein.** It is further

**ORDERED** that Plaintiff, having already included AutoZoners LLC and AutoZone Parts, Inc., is permitted to add the AutoZone entity that in fact is the lessee of the premises where Plaintiff was injured. Defendants' counsel must by **November 18, 2010,** inform Plaintiff of the name of that entity. It is further

**ORDERED** that Plaintiff must file the Third Amended Complaint on or before **November 30, 2010**. Failure of Plaintiff to plead these matters on any claim may result in the Court striking the claim for repeated failures to plead adequately.

**No further amendments will be granted.**

SIGNED at Houston, Texas, this 15th day of **November, 2010**.

_____
Nancy F. Atlas
United States District Judge