## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

PETE GONZALES,               §
         Plaintiff,        §
                            §
v.                           §          CIVIL ACTION NO. 4:09-4054
                            §
AUTOZONE, INC., et al,        §
         Defendants.       §

## <u>MEMORANDUM AND ORDER</u>

In this ERISA case, Defendants have filed a Motion to Dismiss [Docs. # 54,
# 57], to which  Defendants also have filed a Motion to Compel Arbitration [Docs. #
56, # 59], to which Plaintiff has responded and Defendant has replied.[1]  The motions
are ripe for decision.  Having considered the parties' briefing, the applicable legal
authorities, and all matters of record, the Court concludes that the Motion to Dismiss
should be **granted in part and denied in part**, and the Motion to Compel Arbitration
should be **denied without prejudice**.[2]

---

[1]    Plaintiff's Memorandum in Response to Defendants' Motion to Compel Arbitration [Doc. # 62]; Defendants' Reply in Support of Defendants' Motion to Compel Arbitration [Doc. # 67].

[2]    Defendants also have filed a Motion for Leave to File Motion for Protection from Discovery [Doc. # 64] and a Motion for Protective Order [Doc. # 65], regarding certain depositions scheduled to take place in January 2011.  Since Defendants filed these motions, the parties filed a joint motion to extend the discovery and motions deadline, which was granted on January 18, 2011, and extended the discovery

(continued...)

## I.   BACKGROUND

Plaintiff Pete Gonzales was employed by Defendant AutoZone, Inc. as Parts Service Manager.  He had worked for AutoZone since December 2005. He states that, while working at an AutoZone store in Houston on December 17, 2007, he slipped on a puddle of oil and twisted his back and ankle.  He claims serious and debilitating injuries as a result of the incident, as well as severe depression and a continued inability to work. He states that, on December 17, 2007, he notified his supervisor of the accident, both verbally and in writing.

Plaintiff, as a Texas employee of AutoZone, is covered by the AZTEX Advantage AutoZone Texas Occupational Injury Benefit Plan ("the Plan"), which is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.  He applied for benefits under the Plan and was denied.  The Plan contains an arbitration requirement for certain injury-related disputes, and states that "binding arbitration is the only method for resolving any such claim or dispute."[3]

---

[2]     (...continued)
deadline to April 1, 2011.  *See* Doc. # 68.  In addition, Defendants' motions state that they are filed in anticipation of a motion to compel from Plaintiff, but Plaintiff has filed no such motion.  Therefore Defendants' motion for protective order, and for leave to file protective order, are **denied as moot**.  Any remaining issues that require the Court's rulings may be submitted by future motions.

[3]     Summary Plan Description (Exhibit B to Third Amended Complaint), at 36.

## II.    __RULE 12(b)(6) STANDARD__

Defendants move to dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]  Traditionally, courts hold that a motion to dismiss under Rule 12(b)(6) for failure to state a claim is viewed with disfavor and is rarely granted.[5]  The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true.[6]  Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7]  Legal conclusions "are not entitled to the assumption of truth,"[8] and

---

[4]     Defendants also invoke Federal Rules of Civil Procedure 8, 12(b)(2), and 12(f) as a basis for their Motion to Dismiss.  These legal standards are recited in the Analysis section as necessary.

[5]     *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

[6]     *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted))).

[7]     *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

[8]     *Id.* at 1950.

although they "can provide the framework of a complaint, they must be supported by factual allegations."[9]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] The determination of "whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

---

[9]     *Id.* "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

[10]    *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 570).

[11]    *Id.* at 1950.

[12]    *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

[13]    *Id.* at 1950.

has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[14] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[15] It is insufficient to plead facts that are "'merely consistent with' a defendant's liability."[16]

In considering a motion to dismiss, a court ordinarily must limit itself to the contents of the pleadings and attachments thereto.[17] Documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[18] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the

---

[14] *Id.* (quoting FED. R. CIV. P. 8(a)(2) (alteration added by *Iqbal*)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556).

[15] *Twombly*, 550 U.S. at 555 (internal citations omitted).

[16] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

[17] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

[18] *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

court in making the elementary determination of whether a claim has been stated."[19]

These presumably are documents whose authenticity no party questions.

## III.   ANALYSIS

Plaintiff's Third Amended Complaint [Doc. # 52], filed on November 30, 2010, brings claims for declaratory judgment and injunctive relief under ERISA (Count 1); breach of fiduciary duty under ERISA (Count 2); provision of inaccurate and misleading information about the Plan amounting to breach of fiduciary duty under ERISA (Count 3); breach of contract (Count 4); negligence (Count 5); and premises liability (Count 6).

### A.   Motion to Dismiss

#### 1.   ERISA Claims (Counts 1-3)

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), authorizes civil enforcement actions. Section 1132(a)(1) authorizes an action to enforce the terms of an ERISA

---

[19]     *Collins*, 224 F.3d at 499.

plan,[20] Section 1132(a)(2) authorizes actions to restore losses to the plan,[21] and Section 1132(a)(3) authorizes an action for equitable relief.[22]

Plaintiff brings three claims under ERISA.  However, the legal bases for these claims are imprecise.  Two of these counts do not specify whether Plaintiff intends to proceed under Section 1132(a)(1) or 1132(a)(3), and none of the counts explicitly invoke Section 1132(a)(1).  Plaintiff's claims are as follows:

> (1)    In Count 1, Plaintiff alleges that two provisions of the Plan (in particular, a requirement for notification of injury within 24 hours and a restriction to pre-approved medical providers), for which the penalty for non-compliance are loss of all Plan benefits, are "unreasonable and unenforceable" under ERISA.  Plaintiff seeks a declaratory judgment that the Plan is "unreasonable and unenforceable," and also seeks injunctive relief barring enforcement of the two provisions and

---

[20]    Under Section 1132(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[21]    Section 1132(a)(2) states that a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title."  Section 1109(a) states, "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable *to make good to such plan any losses to the plan* resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." (emphasis added)

[22]    Under Section 1132(a)(3), a participant, beneficiary, or fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

"reinstating Plaintiff to a plan participant eligible for AutoZone Plan benefits." The only legal authority cited in this count is 29 C.F.R. § 2560.503-1.[23]

(2)     In Count 2, Plaintiff alleges breach of fiduciary duties under ERISA. Plaintiff claims that he did not "receive just and right determinations of coverage" under the Plan because he was not provided with "complete and accurate information" about the Plan, because "patently unreasonable" terms and conditions were enforced, and because he was "misled regarding the basis for denial of his claim." Plaintiff cites in this count to 29 U.S.C. § 1132(a)(2), which authorizes a civil action to restore losses to a plan, and to 29 U.S.C. § 1132(a)(3), which authorizes an action for equitable relief. Plaintiff also cites in the count's caption several provisions that do not authorize a cause of action: 29 U.S.C. § 1104(a)(1), which sets forth the duties of a fiduciary; 29 U.S.C. § 1105, which provides that a fiduciary may be liable for the breach of fiduciary duty by another fiduciary; and 29 U.S.C. § 1109(a) which provides for restoration to a plan of losses resulting from a breach of fiduciary duty.

(3)     In Count 3, Plaintiff alleges that Defendants provided inaccurate and misleading information in breach of their ERISA fiduciary duties. He alleges that Defendants breached their duties by "failing to provide Plaintiff with complete and accurate information regarding the requirements of the Plan notification provisions and the approved provider requirement" and by "misleading" him about the requirements. He further alleges that their breach caused Plaintiff to "minimize or delay his medical treatment." Because Plaintiff alleges breach of fiduciary duty, the claim presumably is brought under Section 1132(a)(3). However, Plaintiff does not cite in this count to any subsection of Section 1132(a); he merely refers in the caption to Sections 1104(a)(1), 1105, and 1109(a).

Defendants have moved to dismiss Counts 2 and 3 of the Third Amended

Complaint, arguing that Plaintiff impermissibly is seeking both legal relief under

---

[23]     29 C.F.R. 2560.503-1 is entitled "Claims Procedure" and has subsections (a) through (o). Plaintiff does not cite to a particular provision of Section 2560.503-1.

Section 1132(a)(1) and equitable relief under Section 1132(a)(3).  Clear Fifth Circuit authority establishes that an ERISA plaintiff may bring an equitable claim under Section 1132(a)(3) *only* when no other remedy is available under Section 1132.[24] Therefore, if a plaintiff articulates a claim for recovery of plan benefits under Section 1132(a)(1), the plaintiff is deemed to have an adequate remedy and may not also pursue an equitable claim under Section 1132(a)(3).[25]  Moreover, the Fifth Circuit makes clear that the fact that a plaintiff's claim under Section 1132(a)(1) fails on the merits does not make an alternate, equitable claim under Section 1132(a)(3) viable.[26]

The Fifth Circuit also has squarely held that an ERISA plaintiff may not seek to recover "make-whole" plan benefits as equitable relief under Section 1132(a)(3).[27]

---

[24]   *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510-16 (1996)); *Khan v. Am. Int'l Group, Inc.*, 654 F. Supp. 2d 617, 625 (S.D. Tex. 2009) (Rosenthal, J.).

[25]   *Rhorer*, 181 F.3d at 639; *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate.").

[26]   *Tolson*, 141 F.3d at 610.

[27]   *Amschwand v. Spherion Corp.*, 505 F.3d 342, 348 (5th Cir. 2007).  *See Sanborn-Alder v. Cigna Group Ins.*, 2011 WL 643216, *9 (S.D. Tex. Feb. 15, 2011) (Harmon, J.); *Rana v. Spectra Energy Corp.*, 2010 WL 3257523, *5 (S.D. Tex. Aug. 17, 2010) (Lake, J.); *Evans v. Sterling Chemicals Inc.*, 2010 WL 2671719, *24 (S.D. Tex. Jul. 1, 2010) (Hoyt, J.); *Best v. Exxon Mobil Corp.*, 2010 WL 1169984, *12 (S.D. Tex. Mar. 23, 2010) (Rosenthal, J.); *Khan*, 654 F. Supp. 2d at 626; *Chevron Corp. v. Barrett*, 2008 WL 4791471, *4 (S.D. Tex. Oct. 30, 2008) (Rosenthal, J.); *Kinnison v.*
                                                                                                      (continued...)

"Appropriate equitable relief" under Section 1132(a)(3) does not include payment of plan benefits that would have accrued absent the fiduciary's breach of fiduciary duty, but rather the equitable restitution of a disputed *res*, such as refund of policy premiums.[28]   Rather, when a participant or beneficiary seeks what was supposed to have been distributed under an ERISA plan, the appropriate remedy is a claim for denial of benefits under Section 1132(a)(1), and not a claim for breach of fiduciary duty under Section 1132(a)(3).[29]

---

[27]       (...continued)
*Humana Health Plan of Texas, Inc.*, 2008 WL 2446054, *8 (S.D. Tex. Jun. 17, 2008) (Jack, J).

[28]       *Amschwand*, 505 F.3d at 348.

[29]       *Chacko v. Sabre, Inc*., 473 F.3d 604, 609 (5th Cir. 2006) ("Section 502(a)(1)(B) provides an ERISA plan participant or beneficiary with a cause of action 'to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*." [The plaintiff's] argument—that he is entitled to benefits not because they are due to him under the terms of the [Plan] but rather because [the defendants] engaged in 'inequitable conduct' and breached their fiduciary duties—is simply not cognizable under ERISA § 502(a)(1)(B).") (emphasis added by *Chacko*); *McCall v. Burlington Northern/Santa Fe Co*., 237 F.3d 506, 512 (5th Cir. 2000) (citing *Corcoran v. United HealthCare, Inc*., 965 F.2d 1321, 1335 (5th Cir. 1992)).  *Compare Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp*., 215 F.3d 475, 481-82 (5th Cir. 2000).

With these standards in mind, the Court examines Plaintiff's pleadings.[30] Plaintiff's Third Amended Complaint does not explicitly invoke Section 1132(a)(1). The pleading is unclear as to whether Plaintiff fundamentally seeks benefits under the Plan.[31]  If so, such damages are not recoverable under Section 1132(a)(3).[32]

At the conference on **March 7, 2011**, Plaintiff must articulate the precise facts, statutory basis, and relief sought for each of his ERISA claims.  On or before **March 14, 2011**, Plaintiff must file a Fourth Amended Complaint delineating in detail each ERISA claim he intends to pursue.  The Fourth Amended Complaint must set forth separately the supporting facts, the statutory basis, and the relief requested for each ERISA claim.  For each claim, Plaintiff must specify the precise subsection of Section 1132(a) upon which he relies.[33]  Failure of Plaintiff to meet these requirements may result in dismissal of any inadequately pleaded ERISA claim.

---

[30]   Plaintiff's response to Defendants' Motion to Dismiss does not squarely respond to Defendants' arguments for dismissal of Plaintiff's ERISA claims and does not clarify the particular basis for each count.

[31]   *See*, *e.g.*, Third Amended Complaint, at 15, ¶ 49 (Count 1 seeks "injunctive relief barring the enforcement of these [Plan] provisions and reinstating Plaintiff to a plan participant eligible for AutoZone Plan benefits"); *id*. at 25 (Prayer for Relief at conclusion of complaint seeks "[a]ll plan benefits Plaintiff is entitled to under a proper construction and interpretation of the AutoZone Plan").

[32]   *See Amschwand*, 505 F.3d at 348.

[33]   Section 1132(a)(2), which authorizes a cause of action to restore benefits to a plan, is inapplicable to this case as pleaded by Plaintiff.

## 2.      State Law Claims (Counts 4-6)

Defendants argue that Plaintiff's claims for breach of contract (Count 4), negligence (Count 5), and premises liability (Count 6) are preempted by ERISA. Section 502 of ERISA, 29 U.S.C. § 1132, provides a civil enforcement cause of action and "'completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action.'"[34]  The Fifth Circuit applies a two-prong test to the defense of ERISA preemption:

> A defendant pleading preemption must prove that: (1) the claim "addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of the Plan; and (2) the claim directly affects the relationship among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries."[35]

If Plaintiff could have brought his claim under ERISA, the parallel state claim is completely preempted.[36]

Plaintiff's breach of contract claim alleges that certain Defendants promulgated a written contract, in particular, the Plan, and that Defendants "have breached this contract by their failure to pay the [medical and wage loss] benefits promised under

---

[34]    *McGowin v. ManPower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (quoting *Giles v. NYLCare Health Plans, Inc*., 172 F.3d 332, 337 (5th Cir. 1999)).

[35]    *Bank of La. v. Aetna U.S. Healthcare Inc*., 486 F.3d 237, 242 (5th Cir. 2006) (quoting *Mayeaux v. La. Health Serv. and Indem. Co*., 376 F.3d 420, 432 (5th Cir. 2004)).

[36]    *McGowin*, 363 F.3d at 559.

the ERISA plan."[37]   This claim explicitly addresses Plaintiff's right "to receive benefits under the terms of the Plan"[38] and, moreover, affects the relationship between the employer, the Plan, and a beneficiary.   Under the Fifth Circuit's two-prong test, the breach of contract claim is preempted by ERISA.

Plaintiff's claims for negligence and premises liability, however, are not preempted.  Plaintiff's negligence claim alleges that certain Defendants, identified as the AutoZone Employer/Premises Defendants,[39] committed actionable negligence by, among other things, failing to properly supervise operations in the AutoZone store, failing to implement sufficient safeguards, and failing to inspect the premises.[40] Plaintiff's claim for premises liability alleges that the Employer/Premises Defendants failed to make the premises reasonably safe.[41]   These claims concern Defendants' alleged failure to provide a safe workplace, and neither relates to the ERISA Plan or

---

[37]    Third Amended Complaint, at 21.

[38]    *Bank of La.*, 486 F.3d at 242.

[39]    The pleadings identify the "AutoZone Employer/Premises Defendants" as Autozone, Inc.; AutoZone Parts, Inc.; and AutoZone Texas LP.  Third Amended Complaint, at 1-2.

[40]    *Id*. at 22-24.

[41]    *Id*. at 24-25.

to benefits under the Plan.[42]  The negligence and premises liability claims therefore are not preempted.

At the **March 7, 2011**, discovery conference, Plaintiff must identify which Defendants he sues for negligence and which he sues for premises liability, naming Defendants individually rather than in groups.  Plaintiff also must articulate the precise theory against each Defendant under each cause of action.  Plaintiff's Fourth Amended Complaint, which must be filed on or before **March 14, 2011**, must set forth as to each Defendant individually the supporting facts and legal basis for each tort claim alleged against that Defendant.

### 3.    Personal Jurisdiction

Defendants AutoZone Parts, Inc. and AutoZone, Inc. argue that they should be dismissed for lack of personal jurisdiction, contending that this Court lacks both specific and general jurisdiction.

The exercise of personal jurisdiction over a foreign defendant satisfies Due Process requirements when (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the

---

[42]    *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 781-82 (5th Cir. 1994) ("[Plaintiff's] cause of action stems from [the employer's] failure to maintain a safe workplace and *not* from a dispute over the administration of [the employer's ERISA plan] or the disbursement of benefits from the plan. [Plaintiff's] claim, in fact, would exist whether or not [the employer] had established an ERISA plan.").

forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.[43]   There are two types of minimum contacts: those giving rise to specific jurisdiction and those giving rise to general jurisdiction.[44]  Specific jurisdiction applies when "a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"[45]   General jurisdiction, on the other hand, applies when "the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are 'continuous and systematic.'"[46]

The plaintiff bears the burden of establishing that the court has personal jurisdiction over the non-resident defendants.[47]  When, as in this case, a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the party asserting jurisdiction is required only to present facts sufficient to

---

[43]   *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010); *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999)).

[44]   *Clemens*, 615 F.3d at 378.

[45]   *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir.2001)).

[46]   *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)).

[47]   *Clemens*, 615 F.3d at 378.

constitute a *prima facie* case of personal jurisdiction to satisfy its burden.[48]  The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction.[49]

Plaintiff's complaint alleges that Defendants AutoZone, Inc., and AutoZone Parts, Inc., were the employer and lessee of the premises at which Plaintiff worked and was injured.[50]  Defendants do not make specific, fact-based arguments regarding jurisdiction, but rather assert generally and without any evidentiary support that the relevant Defendants "did not purposefully direct [their] activities to Texas."[51] Defendants also contend that Plaintiff's causes of action "did not arise from or relate to" their contacts with Texas.[52]  They further conclusorily assert that the relevant Defendants did not have "continuous or systematic contact with Texas."[53]

Plaintiff has pleaded that Defendants were the employer and lessee of the AutoZone store in Houston.  This suffices (at this stage) as the pleading of a *prima*

---

[48]     *Central Freight Line Inc. v. APA Transport Corp.,* 322 F.3d 376, 380 (5th Cir. 2003); *Alpine View,* 205 F.3d at 215 (5th Cir. 2000).

[49]     *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005); *Central Freight Lines Inc.*, 322 F.3d at 376; *Alpine View Co.*, 205 F.3d at 215.

[50]     Third Amended Complaint, at 1-2.

[51]     Motion to Dismiss, at 10.

[52]     *Id*.

[53]     *Id*. at 10-11.

*facie* case, and must be accepted as true.  Defendants have offered no evidentiary

refutation of these pleaded facts.[54]  Defendants have completely failed to raise a legal

question of personal jurisdiction.   The request to dismiss for lack of personal

jurisdiction is denied.

**B.**     **Motion to Compel Arbitration of Counts 4-6**

Defendants have filed a Motion to Compel Arbitration of Plaintiff's claims for

negligence and premises liability,[55] arguing that a provision in the Plan requires this

dispute to be resolved by arbitration.  Plaintiff opposes the motion arguing, *inter alia*,

that the arbitration requirement is not binding on him because he had no notice of the

provision.

"Arbitration is 'a matter of contract and a party cannot be required to submit to

arbitration any dispute which he has not agreed so to submit.'"[56]  Therefore, the Court

must first determine whether there is a valid agreement between the parties to arbitrate

---

[54]     *See Fielding*, 415 F.3d at 424; *Panda Brandywine*, 253 F.3d 865, 868 ("We accept the
plaintiff's uncontroverted, nonconclusional factual allegations as true and resolve all
controverted allegations in the plaintiff's favor.").

[55]     Defendants also moved to compel arbitration of Plaintiff's breach of contract claim;
however, the Court has dismissed the breach of contract claim on preemption
grounds.

[56]     *Moran v. Ceiling Fans Direct, Inc.*, 239 F. App'x 931, 935 (5th Cir. 2007) (quoting
*PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453,
462 (5th Cir. 2001) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*,
363 U.S. 574, 582 (1960))).

the remaining Texas common law claims of negligence and premises liability.[57]
"Although there is a strong federal policy favoring arbitration, this policy does not
apply to the determination of whether there is a valid agreement to arbitrate between
the parties."[58]   In deciding whether the parties entered into a valid agreement to
arbitrate, the Court applies general contract principles.[59]

Defendants' motion is based upon the arbitration requirement in the Plan, which
covers injuries due to an accident: "any legal or equitable claim by or with respect to
you for any form of physical or psychological damage, harm or death which relates to
an accident, occupational disease, or cumulative trauma."[60]  The Plan further provides,
"[t]he determination of whether a claim is covered by these provisions will also be
subject to arbitration under this arbitration requirement."[61]   Defendants argue that
Plaintiff is subject to the arbitration provision even though he is a non-signatory to the
Plan.

---

[57]     *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

[58]     *Will-Drill Resources, Inc. v. Samson Resources Co*., 352 F.3d 211, 214 (5th Cir.
2003) (internal quotations and citations omitted).

[59]     *Id.*

[60]     Summary Plan Description (Exhibit B to Third Amended Complaint), at 37 (emphasis
added).

[61]     *Id.*  The same requirements are recited in the official plan document.  *See* Official
Plan Document (Exhibit A to Third Amended Complaint), at 23, ¶ 2.3.

Plaintiff argues that he is not bound by the arbitration provision because he did not agree to it.  Plaintiff alleges that he never received a copy of the Summary Plan Description or the official Plan document, and that the Plan was never posted or otherwise published in his workplace.[62]  Because of the lack of notice of the Plan's provisions, Plaintiff contends that the arbitration clause is unenforceable against him.

Defendants present no evidence or argument regarding the alleged lack of notice. On this record, the Court cannot conclude that the parties had a valid agreement to arbitrate their disputes.[63]  Defendants' motion to compel arbitration is denied without prejudice.

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Docs. # 54, # 57] is **GRANTED IN PART and DENIED IN PART** as stated herein.  Plaintiff's breach of contract claim is **DISMISSED** as preempted by ERISA.  It is further

**ORDERED** that this case remains set for a discovery conference on **March 7, 2011** at **9:30  a.m.**  At the conference, Plaintiff must articulate the precise facts, statutory basis, and relief sought for each of his ERISA claims.  Plaintiff also must

---

[62]     *See, e.g.*, Third Amended Complaint, at 14, ¶ 45.

[63]     *See Moran*, 239 F. App'x at 935-36.

identify which Defendants he sues for negligence and which he sues for premises liability, naming Defendants individually rather than in groups, and must articulate the precise theory against each Defendant under each cause of action.  It is further

**ORDERED** that on or before **March 14, 2011**, Plaintiff must file a Fourth Amended Complaint.  The Fourth Amended Complaint must set forth separately the supporting facts, the statutory basis, and the relief requested for each ERISA claim, and must specify the precise subsection of Section 1132(a) upon which Plaintiff relies for each claim.  The Fourth Amended Complaint also must set forth separately the supporting facts, legal basis, and Defendant(s) sued for each tort claim.  Failure of Plaintiff to meet these requirements may result in dismissal of Plaintiff's claims.  It is further

**ORDERED** that  Defendants' Motion to Compel Arbitration [Docs. # 56, # 59] is **DENIED without prejudice**.  It is further

**ORDERED** that Defendants' Motion for Leave to File Motion for Protection from Discovery [Doc. # 64] is **DENIED as moot**.  It is further

**ORDERED** that Defendants' Motion for Protective Order [Doc. # 65] is **DENIED as moot**.

SIGNED at Houston, Texas, this 3rd of **March, 2011.**

Nancy F. Atlas
United States District Judge