IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETE GONZALES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-4054 |
| | § | |
| AUTOZONE, INC., et al, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

On March 9, 2011, this Court ordered Plaintiff to file a Fourth Amended Complaint on or before March 14, 2011. *See* Doc. # 81. Plaintiff filed the amended complaint, accompanied by an "Opposed Motion for Leave to Amend Complaint to Add New Related AutoZone Party as a Defendant While Dropping an AutoZone Defendant [Doc. # 83]" ("Motion"). Defendant, as ordered by the Court, *see* Doc. # 85, filed a response on March 23, 2011.[1] The Court ordered that Plaintiff file any reply by March 25, 2011, but no reply has been filed. The Motion now is ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that the Motion should be **granted in part**.

---

[1] Response to Plaintiff's Opposed Motion for Leave [Doc. # 87] ("Response").

Plaintiff's Motion requests leave to add AZer Texas, LLC as a defendant in this suit. On March 14, 2011, defense counsel informed Plaintiff that AZer Texas, LLC, is the correct entity to be named as Plaintiff's employer:

> This letter is in response to your correspondence dated March 12, 2011 and in compliance with the Court's direction at the hearing on March 7, 2011. The correct entity that should be named as Plaintiff's employer is AZer Texas, LLC. . . . AutoZone, Inc. generally should be removed as a Defendant. [2]

Plaintiff's Motion further states that Plaintiff has dropped AutoZone Parts, Inc., "the entity whom he [previously] believed was his employer,"[3] from this suit.

Defendants' Response does not oppose the addition of AZer Texas, LLC. This aspect of Plaintiff's Motion is granted and AZer Texas, LLC, is added to this suit.

Defendants object to Plaintiff's refusal to remove AutoZone, Inc. as a Defendant in the Fourth Amended Complaint. The Fourth Amended Complaint makes multiple references to AutoZone, Inc., in the ERISA claims.[4] Defendants point out that the ERISA Plan does not refer to AutoZone, Inc. Rather, the Summary Plan

---

[2]   *See* Letter from J. Brennan to D. Van Susteren, dated March 14, 2011 (Exhibit A to Response).

[3]   Motion, at 1.

[4]   The Fourth Amended Complaint is confusing. It names AutoZone, Inc., in some paragraphs of proposed Count V, a cause of action for non-subscriber liability. *See* Fourth Amended Complaint (attached to Motion), at 18-20. However, the specific putative wrongs are alleged only against AZer Texas, LLC. *Id.* at 18, ¶ 58; *id.* at 19-20, ¶ 60.

Description ("SPD") states "references to the word 'AutoZone' [in] this booklet and its attachments will mean your particular employer."[5]  Defendants request that the Court deny Plaintiff's Motion or, in the alternative, require Plaintiff to state the statutory and factual basis for continuing to bring suit against AutoZone, Inc. Plaintiff has filed no reply.  Given the cited language in the SPD, as well as this Court's repeated previous admonitions to Plaintiff to clearly plead the facts and legal basis for each claim against each Defendant,[6] AutoZone, Inc. is **dismissed with prejudice** from this lawsuit, and all references to AutoZone, Inc., in the Fourth Amended Complaint are **stricken with prejudice**, unless Plaintiff, on or before **April 5, 2011,** shows cause in an "Advisory to the Court" why AutoZone, Inc., should be retained as a Defendant in this suit.  Plaintiff must articulate the factual and legal basis for any claim against AutoZone, Inc.

Defendants further state that, despite Plaintiff's statement in his Motion that he has dropped AutoZone Parts, Inc., from this suit, the Fourth Amended Complaint continues to make allegations against AutoZone Parts, Inc.[7]  Given Plaintiff's

---

[5]  Summary Plan Description (Exhibit B to Fourth Amended Complaint), at 1 (Bates-stamped AZ 311).

[6]  *See*, *e.g.*, Amended Memorandum and Order, entered March 9, 2011 [Doc. # 81], at 20; Memorandum and Order, entered November 15, 2010 [Doc. # 49].

[7]  *See* Plaintiff's Fourth Amended Complaint (attached to Motion), at 20, ¶ 61.

representation in his Motion that he no longer intends to sue this entity, AutoZone Parts, Inc., is **dismissed** from this action and all references to AutoZone Parts, Inc. in the Fourth Amended Complaint are **stricken with prejudice**.

For all of the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Opposed Motion for Leave to Amend Complaint to Add New Related AutoZone Party as a Defendant While Dropping an AutoZone Defendant [Doc. # 83] is **GRANTED in part.** Plaintiff may add AZer Texas, LLC, as a Defendant in his Fourth Amended Complaint. It is further

**ORDERED** that AutoZone, Inc., is **DISMISSED WITH PREJUDICE** as a Defendant in this suit, and all references to AutoZone, Inc., in the Fourth Amended Complaint are **STRICKEN with prejudice**, unless Plaintiff shows cause why AutoZone, Inc., should be retained as a Defendant on or before **April 5, 2011**. It is further

**ORDERED** that AutoZone Parts, Inc. is **DISMISSED WITH PREJUDICE** as a Defendant in this suit. All references to AutoZone Parts, Inc. in the Fourth Amended Complaint are **STRICKEN with prejudice**.

SIGNED at Houston, Texas this **28th** day of **March, 2011.**

_____
Nancy F. Atlas
United States District Judge