IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETE GONZALES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-4054 |
| | § | |
| AUTOZONE, INC., *et al.*, | § | |
|     Defendants. | § | |

# ORDER

In this case asserting ERISA and tort claims, Plaintiff has been ordered to replead several times. On March 14, 2011, Plaintiff filed a proposed Fourth Amended Complaint.[1] Defendant filed a Motion to Dismiss [Docs. # 89, # 92] and a Motion to Compel Arbitration [Doc. # 91]. Plaintiff now has filed a response to each motion, *see* Docs. # 112, # 113, and the motions are ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court

---

[1] *See* Plaintiff's Fourth Amended Complaint (Attachment # 1 to Plaintiff's Motion for Leave to File Fourth Amended Complaint [Doc. # 83]). The Fourth Amended Complaint includes the following causes of action: (1) a claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B); (2) a declaratory judgment claim under 28 U.S.C. §§ 2201, 2202 declaring provisions of the AutoZone Plan unreasonable; (3) a claim to enjoin further enforcement of any and all unreasonable provisions of the AutoZone Plan under 29 U.S.C. § 1132(a)(3)(A); (4) a claim for attorneys' fees under 29 U.S.C. § 1132(g); (5) a claim for non-subscriber liability; and (6) a claim for premises liability.

concludes that the Motion to Dismiss should be **granted in part** and **denied in part** and that the Motion to Compel should be **granted**.

## I. MOTION TO DISMISS

Defendants move to dismiss Counts II and III of the proposed Fourth Amended Complaint. Defendants also seek dismissal of Sedgwick Claims Management Services, Inc., from this lawsuit.

### A. Count II—Declaratory Judgment Act Claim

In Count II of the proposed Fourth Amended Complaint, Plaintiff asserts a declaratory judgment claim, citing the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, and 29 C.F.R. § 2650.503-1(b). Plaintiff seeks a declaration that certain provisions of the AutoZone Plan are unreasonable and unenforceable. This claim for relief also was asserted in Plaintiff's previous pleadings.[2]

Traditionally, courts hold that a motion to dismiss under Rule 12(b)(6) for failure to state a claim is viewed with disfavor and is rarely granted.[3] The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded

---

[2] *See* Doc. # 40, at 11; Doc. # 52, at 14.

[3] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

facts taken as true.[4] Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5] Legal conclusions "are not entitled to the assumption of truth,"[6] and although they "can provide the framework of a complaint, they must be supported by factual allegations."[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]

Defendants' Motion to Dismiss makes no argument specific to Plaintiff's declaratory judgment claim, but rather makes argument regarding Plaintiff's claim under 29 U.S.C. § 1132(a)(3), which is the basis for Count III. Defendants then make only a passing assertion that the declaratory judgment claim also should be dismissed.

Plaintiff has cited to a specific legal basis for his declaratory judgment claim, in particular, 28 U.S.C. §§ 2201 and 2202, and 29 C.F.R. § 2650.503-1(b). He has pleaded facts supporting his claim that the AutoZone Plan's provisions are

---

[4] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted))).

[5] *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

[6] *Id.* at 1950.

[7] *Id.*

[8] *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 570).

"unreasonable" in violation of § 2650.503-1(b). Because Defendants articulate no specific reason for dismissal of Plaintiff's Declaratory Judgment Act Claim in Count II, and cite to no legal authority supporting their request, Defendants' motion will be **denied** as to Count II.

### B. Count III—ERISA Claim under § 1132(a)(3)(A)

Count III seeks injunctive relief under ERISA, 29 U.S.C. § 1132(a)(3)(A). Plaintiff's response unequivocally states that he does not oppose dismissal of Count III,[9] and he thus abandons this claim. Count III therefore will be **dismissed** by agreement.

### C. Sedgwick Claims Management Services, Inc.

Defendants argue that Sedgwick should be dismissed from this lawsuit because Plaintiff's Fourth Amended Complaint does not comply with the Court's previous order to specify "the name of each Defendant against which the claim is asserted, the supporting facts, the precise statutory and regulatory basis, and the relief requested."[10] Plaintiff's pleadings allege that Sedgwick adjusted Plaintiff's claim and that its

---

[9] Response [Doc. # 112], at 7 ("Plaintiff does not object to the dismissal of Count III, the claim for relief under 29 U.S.C. § 1132(a)(3).").

[10] *See* Doc. # 81, at 20.

employee(s) failed to provide Plaintiff with accurate information regarding filing a proper claim.

Regarding Count I, Plaintiff's ERISA claim under Section 1132(a)(1), Defendants assert that the proper defendant is the Plan, which is also named in that claim, and that "Plaintiff has failed to cite any authority authorizing Plaintiff's Section 1132(a)(1)(B) claim directly against any of the Defendants other than the Plan, notably Sedgwick."[11]  The Court's prior order is not a ground to dismiss Plaintiff's claim against Sedgwick.  Plaintiff complied with this Court's order to name the defendant, the supporting facts, the statutory basis (Section 1132(a)(1)(B)), and the relief requested.  To the extent Defendants seek dismissal of Sedgwick pursuant to Rule 12(b)(6), they have failed to cite any legal authority in support of their request.  This motion is denied.

Regarding Count II, Defendants again assert that the only proper Defendant is the Plan.  However, as above, Plaintiff has met this Court's procedural requirement to identify the Defendant, the supporting facts, the statutory and regulatory basis (28 U.S.C. §§ 2201 & 2202, 29 C.F.R. § 2650.503-1(b)), and the relief requested.  Further, Defendants cite no legal authority supporting dismissal under Rule 12(b)(6) of Sedgwick from Count II.

---

[11]     Motion to Dismiss, at 4.

Defendants have not shown entitlement to dismissal of Sedgwick based on Plaintiff's alleged noncompliance with the Court's previous order setting forth pleading requirements.

## II.   MOTION TO COMPEL ARBITRATION

Defendant moves to compel arbitration of Plaintiff's tort claims, *i.e.*, Counts V (non-subscriber liability) and VI (premises liability) of the proposed Fourth Amended Complaint. Plaintiff has a filed notice that he does not oppose the motion. *See* Doc. # 113. The motion accordingly will be **granted**.

## III.   MISCELLANEOUS MATTERS

**Claims still pending**: Based on the rulings above, the only claims that remain pending before this Court are Counts I (claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B)), II (declaratory judgment), and IV (claim for attorneys' fees under 29 U.S.C. § 1132(g)). In addition, previous orders from this Court have dismissed AutoZone Parts, Inc.,[12] and AutoZone, Inc.,[13] from this lawsuit.

**Schedule**: According to a scheduling order entered on January 18, 2011, the Motions Deadline was April 15, 2011; the Joint Pretrial Order is due on July 15, 2011;

---

[12]   *See* Doc. # 88.

[13]   *See* Doc. # 103.

and Docket Call is set for 4:00 p.m. on July 25, 2011.[14]  These deadlines will be reset as follows: the Motions Deadline is **August 5, 2011**; the Joint Pretrial Order is due **October 7, 2011**; and Docket Call is **October 13, 2011**, at **10:00 a.m.**[15]

## IV.   CONCLUSION

For all of the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Docs. # 89, # 92] is **GRANTED IN PART and DENIED IN PART**.  Count III is **DISMISSED by agreement**.  It is further

**ORDERED** that Defendants' Motion to Compel Arbitration [Doc. # 91] of Counts V and VI is **GRANTED**.  It is further

**ORDERED** that the deadline for dispositive and non-dispositive motions is **RESET** for **August 5, 2011**, the Joint Pretrial Order deadline is **RESET** for **October 7, 2011**, and docket call is **RESET** for **October 13, 2011**, at **10:00 a.m**.

---

[14]   *See* Doc. # 68.

[15]   The discovery deadline in this case was April 1, 2011.  *See* Doc. # 68.  On June 1, 2011, Defendants filed a supplemental status report regarding production of documents [Doc. # 110]. Defendants' proposal for production was consistent with the Court's expectations for production, as discussed at the discovery conference on April 26, 2011.  Plaintiff has not objected, and the time for doing so has passed.  *See* Doc. # 111 (ordering objections to be filed on or before June 8, 2011).  Defendants therefore may make production as proposed in its status report.

SIGNED at Houston, Texas, this **16th** day of **June, 2011**.

_____
Nancy F. Atlas
United States District Judge