## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PETE GONZALES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-4054 |
| | § | |
| AUTOZONERS, LLC, et al, | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER REGARDING PLAINTIFF'S POST-JUDGMENT MOTIONS

On March 16, 2012, this Court entered a Memorandum and Order [Doc. # 158]

granting summary judgment to Defendants on all of Plaintiff's claims.   Plaintiff has

filed three post-judgment motions to alter or amend the Court's rulings: (1)

"Plaintiff's Motion for Leave to File Motion to Withdraw Plaintiff's Non-Objection

to the Dismissal of Count III of Plaintiff's Fourth Amended Complaint on Claims for

Relief under 29 U.S.C. § 1132(a)(3)" [Doc. # 164]; (2) "Plaintiff's Rule 59(e) and

60(b)(6) Motion to Alter or Amend Court Order Granting Summary Judgment on All

Claims and to Relieve Plaintiff from the Memorandum and Order and Final Judgment

to Prevent Manifest Injustice" [Doc. # 165]; and (3) "Plaintiff's Motion for Leave to

File Supplemental Brief in Support of Plaintiff's Rule 59(e) and 60(b)(6) Motion (Ct.

Dkt. 165)" [Doc. # 169].

At the Court's instruction, *see* Order [Doc. # 172], Defendants filed one response to all three motions. *See* Defendants' Responses to Plaintiff's Motion to Withdraw and Motion to Alter or Amend Judgment (Including Supplemental Brief) [Doc. # 174] ("Defendants' Response"). Plaintiff filed a reply [Doc. # 179]. Plaintiffs' motions now are ripe for decision. Having carefully considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Plaintiff's motions should be **denied**.

Plaintiff seeks relief from this Court's judgment under Rules 59(e) and 60(b)(6). Rule 59(e) permits a litigant to file a motion to alter or amend a judgment.[1] Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to the Court's attention.[2] A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[3] A Rule 59(e) motion "cannot be used to argue a case under a new legal

---

[1]   FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Plaintiff filed Documents # 164 and # 165 within 28 days of the Court's Memorandum and Order on March 16, 2012. He later was granted leave to file Document # 169. *See* Doc. # 172.

[2]   *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).

[3]   *Balakrishnan v. Bd. of Supervisors of Louisiana State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (continued...)

theory."[4]  Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."[5]

Rule 60(b)(6) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."[6]  Rule 60(b)(6) is a "residual or catch-all provision to cover unforeseen contingencies."[7]  However, relief is appropriate "only if extraordinary circumstances are present."[8]

> The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.[9]

---

[3]        (...continued)
(5th Cir. 2005) (quotation marks and citation omitted)).

[4]        *Id.* (citing *Ross*, 426 F.3d at 763).

[5]        *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991)).

[6]        FED. R. CIV. P. 60(b)(6).  A motion under Rule 60(b) is not subject to the 28-day time period imposed by Rule 59.

[7]        *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993).

[8]        *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005).

[9]        *Bohlin*, 6 F.3d at 357 (quoting *United States v. O'Neil*, 709 F.2d 361, 373 n. 12 (5th Cir. 1983)).

A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories.[10]  Only extraordinary circumstances justify "sacrificing 'the principle of finality' that undergirds Rule 60(b)."[11]

In this case, Plaintiff's extensive post-judgment briefing does not present the Court with grounds to grant the extraordinary remedies of Rules 59(e) or 60(b).  With the exception of Plaintiff's citation to the Supreme Court's decision in *Cigna Corp. v. Amara*,[12] Plaintiff identifies no newly discovered facts or recent changes in the law that could justify reconsideration of the Court's judgment.  Rather, Plaintiff engages in numerous arguments that could have been made, or were made, in his summary judgment briefing that preceded the Court's Memorandum and Order.[13]  These arguments do not present valid grounds for post-judgment relief.[14]  They also fail to

---

[10]   *Williams v. Toyota Motor Engineering & Mfg. N. Am, Inc.*, 2012 WL 1521640, at *3 (5th Cir. May 1, 2012) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003); *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[11]   *Weckesser v. Chicago Bridge And Iron, L.G.*, 447 Fed. Appx. 526, 530 (5th Cir. 2011) (quoting *Hesling*, 396 F.3d at 638 (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981))).

[12]   *Cigna Corp. v. Amara*, 131 S. Ct. 1866 (2011).

[13]   For example, Plaintiff makes lengthy arguments regarding the proper standard of review for ERISA claims, conflict of interest, and application of the substantial evidence standard.  All of these issues were addressed in the Memorandum and Order.

[14]   *See Templet*, 367 F.3d at 479; *Hesling*, 396 F.3d 642-43.

"clearly establish" a "manifest error of law or fact" in the Court's Memorandum and Order.[15]

The Supreme Court's *Amara* ruling also fails to warrant the Court's reconsideration or alteration of its rulings.  Nor does it justify permitting Plaintiff to withdraw his non-objection to dismissal of his equitable claim under 29 U.S.C. § 1132(a)(3).[16]  *Amara* was not decided after the Court's ruling on March 16, 2012, but rather was decided on May 16, 2011, a full ten months before the ruling. Moreover, *Amara* was decided three weeks *before* Plaintiff filed his non-objection to dismissal of the claim.  A brief chronology of relevant events will illustrate that Plaintiff had ample opportunity to invoke *Amara*, and to attempt to reinstate his Section 1132(a)(3) claim, before judgment was entered.

On April 4, 2011, Defendants filed a motion to dismiss Plaintiff's claims. Plaintiff filed two requests for extension of time to file a response, both of which were granted.  On May 16, 2011, the Supreme Court decided *Amara*.  Three weeks later, on June 6, 2011, Plaintiff filed his brief responding to Defendants' motion to dismiss. In the brief, Plaintiff stated, "Plaintiff does not object to the dismissal of Count III, the

---

[15]     *See Ross*, 426 F.3d at 763.

[16]     Plaintiff's motion to withdraw his non-objection to dismissal of his equitable claim [Doc. # 164] does not invoke Rule 59 or Rule 60, and does not identify any authority authorizing the relief he seeks.

claim for relief under 29 U.S.C. § 1132(a)(3)."[17]  On June 16, 2011, the Court ruled on Defendants' motion to dismiss, denying the motion on all grounds except Plaintiff's Section 1132(a)(3) claim, which the Court dismissed on Plaintiff's agreement.[18]  In January 2012, after completion of discovery, Defendants moved for summary judgment.  Plaintiff's briefing opposing summary judgment, filed in February 2012, cited to *Amara*; however, Plaintiff did not move to withdraw his non-objection to dismissal of his equitable claim.  After full briefing and careful consideration, the Court granted summary judgment on March 16, 2012.[19]

Plaintiff's counsel now regrets his non-opposition to dismissal of the claim, and states that he was unaware of the *Amara* ruling on June 6, 2011, when he filed his non-objection to dismissal of the claim.  However, as the above chronology demonstrates, Plaintiff made no previous motion to reinstate his equitable claim, even

---

[17]   Doc. # 112, at 7.

[18]   Order [Doc. # 114], at 4 ("Plaintiff's response unequivocally states that he does not oppose dismissal of Count III, and he thus abandons this claim.  Count III therefore will be dismissed by agreement.") (footnote omitted).

[19]   The Court held that, to the extent Plaintiff sought relief under Section 1132(a)(3), he was barred by his previous agreement to dismiss the claim.  Memorandum and Order [Doc. # 158], at 20.  The opinion added, however, that the equitable relief discussed in *Amara* was a remedy for false or misleading information provided by a plan administrator, and thus was based on facts materially different from those alleged by Plaintiff in this case, *i.e.*, Defendants' alleged failure to provide him a copy of the Summary Plan Description. *Id*. & n. 52 (citing *Amara*, 131 S. Ct. 1879-80 (discussion reformation and estoppel)).

after becoming aware of *Amara*.   Rather, he waited until after the Court entered judgment against him to attempt to resurrect his claim.   Plaintiff's request is, quite simply, too late.   Defendants are entitled to finality of the Court's rulings, especially when, as in this case, the Court has indulged Plaintiff's counsel's multiple requests to amend pleadings and has repeatedly extended docket control deadlines.[20]   Counsel's decision to file a non-objection, which he now characterizes as a mistake, is not an "extraordinary circumstance" justifying post-judgment relief under either Rule 59(e) or Rule 60(b)(6).[21]   Moreover, given his previous, unequivocal legal position regarding his equitable claim, Plaintiff now is judicially estopped from asserting a contrary position.[22]

---

[20]   The Court gave Plaintiff extensive leeway in amendment of pleadings.   Plaintiff amended his complaint five times.   Complaint [Doc. # 1] (December 18, 2009); First Amended Complaint [Doc. # 4] (December 28, 2009); Second Amended Complaint [Doc. # 40] (October 18, 2010); Third Amended Complaint [Doc. # 52] (November 30, 2010); Fourth Amended Complaint [Doc. # 83-1] (March 14, 2011).

[21]   *See Bohlin*, 6 F.3d at 357 (quoting *O'Neil*, 709 F.2d at 373 n.12) ("A party remains under a duty to take legal steps to protect his own interests.").

[22]   The judicial estoppel doctrine "'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'"   *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 859 (5th Cir. 2010) (quoting *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996)); *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003).   The doctrine "precludes litigants from 'playing fast and loose' with the courts" and "prohibits parties from deliberately changing positions based upon the exigencies of the moment."   *Ergo*, 73 F.3d at 598. Application of the doctrine requires that the position to be estopped is "clearly inconsistent" with its previous position, and that the court accepted the party's previous position.   *Hall*, 327 F.3d at 396; *see id.* at 398-99 (party against whom
(continued...)

It is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Motion to Withdraw Plaintiff's Non-Objection to the Dismissal of Count III of Plaintiff's Fourth Amended Complaint on Claims for Relief under 29 U.S.C. § 1132(a)(3) [Doc. # 164] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Rule 59(e) and 60(b)(6) Motion to Alter or Amend Court Order Granting Summary Judgment on All Claims and to Relieve Plaintiff from the Memorandum and Order and Final Judgment to Prevent Manifest Injustice [Doc. # 165] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Leave to File Supplemental Brief in Support of Plaintiff's Rule 59(e) and 60(b)(6) Motion (Ct. Dkt. 165) [Doc. # 169] is **DENIED**.

SIGNED at Houston, Texas this 27th day of **July, 2012**.

Nancy F. Atlas
United States District Judge

---

22      (...continued)
doctrine is invoked need not have prevailed on the merits).  Both criteria are satisfied in this case.